UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

TIMOTHY S.,[1]
                    Plaintiff,                          **DECISION & ORDER**
                                                        19-cv-1141-JWF
          v.

COMMISSIONER OF SOCIAL SECURITY,
                    Defendant.

---

## Preliminary Statement

Plaintiff Timothy S. ("plaintiff") brings this action pursuant to Title II of the Social Security Act seeking review of the final decision of the Commissioner of Social Security (the "Commissioner"), who denied his application for disability insurance benefits. See Compl. (Docket # 1). Presently before the Court are competing motions for judgment on the pleadings. See Docket ## 9, 13.  For the reasons explained more fully below, plaintiff's motion for judgment on the pleadings (Docket # 9) is **granted** and the Commissioner's motion for judgment on the pleadings (Docket # 13) is **denied**.

## Background and Procedural History

On November 23, 2015, plaintiff filed for disability insurance benefits, alleging disability beginning on July 10, 2015. See Administrative Record, Docket # 6 at 58 (collectively paginated and hereinafter referred to as "AR").  Plaintiff's

---

[1] Under this District's Standing Order, any non-government party must be referenced by first name and last initial.

application was initially denied.   AR at 58-66.   Plaintiff, his attorney, and a vocational expert appeared before Administrative Law Judge Susan Smith (the "ALJ") on May 22, 2018 for a hearing on the denial of plaintiff's application.   AR at 31-57.   The ALJ issued an unfavorable decision on August 24, 2018.   AR at 13-26. Plaintiff appealed to the Appeals Council ("AC") and the AC denied plaintiff's appeal on June 27, 2019, making this the final decision of the Commissioner.   AR at 1-5.   Plaintiff commenced this action on August 26, 2019 (Docket # 1) and filed his motion for judgment on the pleadings on March 2, 2020 (Docket # 9).  The Commissioner filed its motion for judgment on the pleadings on May 31, 2020 (Docket # 13) and plaintiff replied on June 22, 2020 (Docket # 14).

For the purposes of this Decision and Order, the Court assumes the parties' familiarity with the medical evidence, the ALJ's decision, and the standard of review, which requires that the Commissioner's decision be supported by substantial evidence and free of reversible legal error.   See Acierno v. Barnhart, 475 F.3d 77, 80-81 (2d Cir. 2007) (so long as a review of the administrative record confirms that "there is substantial evidence supporting the Commissioner's decision," and "the Commissioner applied the correct legal standard," the Commissioner's determination should not be disturbed), cert. denied, 551 U.S. 1132 (2007).

## Discussion

Plaintiff seeks remand on the grounds that (1) the ALJ constructed the physical portions of plaintiff's Residual Functional Capacity ("RFC") without the benefit of a medical opinion; and (2) the ALJ improperly weighed the opinion evidence concerning plaintiff's mental impairments. The Court agrees with plaintiff's first argument and concludes that the ALJ erred by constructing the physical RFC without a medical opinion. Because that issue is dispositive, the Court need not address plaintiff's second argument.

"[I]t is well-established that an ALJ is not qualified to assess a claimant's RFC on the basis of bare medical findings, and as a result an ALJ's determination of RFC without a medical advisor's assessment is not supported by substantial evidence." Agostino v. Comm'r of Soc. Sec., No. 18-CV-1391, 2020 WL 95421, at *3 (W.D.N.Y. Jan. 8, 2020) (quotation omitted). An ALJ is a layperson, and as such her "ability to make inferences about the functional limitations that an impairment poses does not extend beyond that of an ordinary layperson." Id.; see also Roberts v. Comm'r of Soc. Sec., No. 17-CV-6817, 2019 WL 1298529, at *4 n.4 (W.D.N.Y. Mar. 21, 2019) (noting that an ALJ is "not a doctor" and may not "substitute [her] own judgment for competent medical opinion"). Therefore, unless the RFC determination is "so simple and mild" that the ALJ can construct it "based on common sense,"

the RFC determination must be "supported by medical opinions."
Carla S. v. Comm'r of Soc. Sec., No. 19-CV-1405, 2020 WL 7021441,
at *3 (W.D.N.Y. Nov. 30, 2020); see also Schultz v. Saul, No. 18-
CV-5919, 2020 WL 5752138, at *5 (E.D.N.Y. Sept. 25, 2020)
(collecting cases).  Courts have not hesitated to remand a case
for further proceedings where the ALJ's RFC finding is not
supported by any medical opinion.  See, e.g., Lilley v. Berryhill,
307 F. Supp. 3d 157, 160-61 (W.D.N.Y. 2018); Ramos v. Saul, No.
18-CV-7465, 2020 WL 416413, at *6 (S.D.N.Y. Jan. 27, 2020)
(collecting cases).

In this case, plaintiff asserts, and the Commissioner does
dispute, that the ALJ crafted the physical portions of the RFC
determination without relying on any medical opinion.  See Docket
# 9-1 at 16-21; Docket # 13-1 at 17-19.  In discussing the
functional limitations caused by plaintiff's physical impairments,
the ALJ does not cite or mention any medical opinion.  See AR at
18-21.  Rather, the ALJ's analysis consists of a summary of the
clinical findings and examination results found in plaintiff's
treatment notes.  See AR at 19-21.  The ALJ then crafted a highly
detailed physical RFC based on that information: plaintiff could
perform light work, except that he could frequently climb stairs
and ramps; could never climb ladders, ropes, or scaffolds; could
occasionally balance; must avoid all exposures to hazards; could

frequently use his hands for handling and fingering; and could frequently reach overhead on the left.  AR at 18.

On its face, the ALJ's RFC determination does not appear to be the product of permissible, common-sense lay judgment.  Without providing a clear explanation of the inferences she drew from the record, the ALJ purported to translate plaintiff's clinical findings into extremely granular functional limitations.  For example, though the medical evidence the ALJ cited contains no reference to ladders, ropes, scaffolds, handling, fingering, or moving machinery, the ALJ somehow drew specific inferences relating to those functional abilities from the clinical findings and observations.  AR at 18-19; see, e.g., Layton v. Comm'r of Soc. Sec., No. 19-CV-832, 2020 WL 5366001, at *2 (W.D.N.Y. Sept. 8, 2020) (questioning how, without a medical opinion, the ALJ determined that the claimant could "frequently climb ramps and stairs," "occasionally crouch and squat," and occasionally use "right foot controls" (internal brackets omitted)); Thomas v. Comm'r of Soc. Sec., No. 17-CV-723, 2019 WL 2295400, at *2 (W.D.N.Y. May 30, 2019) ("All of the records in the case consist of clinical notes . . . .  Nonetheless, the Commissioner crafted a very specific RFC that included references to ladders, ropes, and scaffolds.").  As a layperson, the ALJ was not permitted to draw such inferences.  See Murray v. Comm'r of Soc. Sec., No. 18-CV-326, 2019 WL 4263336, at *3 (W.D.N.Y. Sept. 10, 2019) ("[A]n

5

ALJ may not interpret raw medical data in functional terms." (internal quotation marks omitted)).

The Commissioner does not contend that the inferences the ALJ drew were, in fact, matters of common-sense judgment. See Docket # 13-1 at 17-19. Instead, the Commissioner cites Monroe v. Commissioner of Social Security, 676 F. App'x 5 (2d Cir. 2017) (summary order), for the proposition that an ALJ is permitted to draw inferences from underlying medical evidence to determine a claimant's RFC. However, besides being a non-precedential opinion, Monroe is distinguishable.

In that case, the ALJ rejected a treating physician's formal medical opinion but relied on the physician's treatment notes to make the RFC determination. Monroe, 676 F. App'x at 8. Critically, the physician's treatment notes included not only descriptions of the claimant's symptoms, but also "contemporaneous medical assessments of [the claimant's] mood, energy, affect, and other characteristics relevant to her ability to perform sustained gainful activity." Id. The Second Circuit upheld the ALJ's determination, concluding that a formal opinion was unnecessary given the physician's "well-documented notes" and observations of the claimant's functional abilities. Id. at 8-9.

Thus, Monroe cannot be read to reject the basic proposition at issue in this case: that an ALJ is a layperson who is correspondingly limited in the sorts of inferences she may draw.

Monroe simply clarifies that informal, "contemporaneous medical assessments" of a claimant's functional capacity can, in certain circumstances, suffice in lieu of a formal medical opinion. See also Tankisi v. Comm'r of Soc. Sec., 521 F. App'x 29, 34 (2d Cir. 2013) (summary order) (upholding RFC determination where the medical record did "not contain formal opinions on [the claimant's] RFC" but did "include an assessment of [the claimant's] limitations from a treating physician"). Other courts in this Circuit have rejected the Commissioner's reading of Monroe. See, e.g., Borrero v. Saul, No. 19-CV-1306, 2020 WL 7021675, at *9 (D. Conn. Nov. 30, 2020) (collecting cases); Williams v. Comm'r of Soc. Sec., 366 F. Supp. 3d 411, 416-17 (W.D.N.Y. 2019).

Accordingly, Monroe is inapposite because, unlike in that case, the treatment notes on which the ALJ relied do not include any functional assessment of plaintiff's physical abilities. See AR at 311-13, 317-19, 322-24, 333-35, 346, 396-99, 401-02, 408-14, 526-28; see also Borrero, 2020 WL 7021675, at *9 (distinguishing Monroe because "the ALJ did not rely on treatment notes with any vocational or functional relevance when he formulated the RFC" (internal quotation marks omitted)). The other cases that the Commissioner cites are distinguishable for the same reason. See Docket # 13-1 at 18-19.

In sum, the ALJ is a layperson and was not permitted to draw the sorts of highly specific functional limitations from the

medical evidence as she did, absent the support of a medical opinion or other functional assessment by a medical source. Because there is no medical opinion or functional assessment to support the ALJ's reasoning, her physical RFC determination is erroneous and requires the Court to vacate the Commissioner's decision and remand the case for further proceedings.

### Conclusion

For the reasons explained above, plaintiff's motion for judgment on the pleadings (Docket # 9) is **granted** and the Commissioner's motion for judgment on the pleadings (Docket # 13) is **denied.** The case is remanded for further proceedings consistent with this Decision and Order. The Clerk of Court shall close the case.

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated:    February 18, 2021
          Rochester, New York

8